IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30744
USDC No. CA-94-665
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

RALPH BERGERON,

                                    Defendant-Appellant.


----------------------

Appeal from the United States District Court
for the Eastern District of Louisiana

----------------------

December 7, 1995

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ralph Bergeron argues on appeal that he was denied his right to a direct appeal from his conviction and sentence. He contends that, although he informed his counsel that he wished to appeal, his counsel refused to file a notice of appeal.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. See Evitts v. Lucey, 469 U.S. 387, 393-95 (1985). The failure of

_____

[*]    Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

counsel to perfect an appeal upon request of his client may constitute ineffective assistance of counsel.  See United States v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993).  The standard Strickland v. Washington ineffective-assistance-of-counsel analysis is not performed when there has been actual or constructive complete denial of any assistance of appellate counsel.  Sharp v. Puckett, 930 F.2d 450, 451-52 (5th Cir. 1991) (citing Penson v. Ohio, 488 U.S. 75 (1988)).

"In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal."  Gipson, 985 F.2d at 215.  "If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish--as a prerequisite to habeas relief--that he had some chance of success on appeal."  Id.  In such cases, prejudice is presumed and neither the Strickland prejudice test nor the harmless-error test is appropriate.  Sharp, 930 F.2d at 452; but cf. Gipson, 985 F.2d at 215-17 (applying a Strickland prejudice analysis to the review of a case in which it was established that the convicted defendant informed his retained counsel of his desire to appeal and the attorney failed to perfect an appeal).

A defendant is entitled to relief if he directed his attorney to take an appeal and counsel disregarded those instructions.  Gipson, 985 F.2d at 216-17; Norris v. Wainwright, 588 F.2d 130, 134-35 (5th Cir.), cert. denied, 444 U.S. 846 (1979).  A defendant is also entitled to relief if his court-

appointed counsel failed to inform him properly of his appellate rights, including his right to appeal, the procedure and time limits involved, and the right to appointed counsel on appeal. Norris, 588 F.2d at 134-35. If the defendant has been informed of his right to appeal and does not make known to his attorney his desire to pursue an appeal, he has waived his right to appeal, and a claim of ineffective assistance of counsel will not lie. Gipson, 985 F.2d at 216.

Failure by the attorney to file a notice of appeal does not automatically evidence a denial of a defendant's rights, however. Id. at 217 n.7. In United States v. Green, 882 F.2d 999 (5th Cir. 1989), the defendant requested that his attorney file a notice of appeal, and his attorney informed him that he "would have to be paid more money" before filing the appeal. Id. at 1003. This court held that the defendant was not entitled to relief in the form of an out-of-time appeal because the defendant did not rely upon his attorney filing the notice of appeal; the defendant knew that his attorney would not pursue an appeal without being paid. Id. The defendant was thus not entitled to the presumption of prejudice that attaches when the defendant has reasonably relied upon the attorney's representations. In Green, however, the court also relied upon the fact that the defendant was a lawyer, that the defendant was aware of his right to appeal, and that the defendant was aware of the need for a notice of appeal in the court's determination that the defendant was not prejudiced, even assuming that his attorney erred. Id.

Bergeron alleged in his § 2255 motion that he had been denied the right to appeal because his attorney told him that he "would not appeal.  He said that there was nothing to appeal." In Bergeron's objections to the magistrate judge's report and recommendation, he alleged that his counsel never informed him of his appellate rights.  He stated that "only the Court" informed him of his right to appeal.  Bergeron further alleged that he specifically told his attorney to appeal, and his attorney refused, stating that he would not appeal because there was nothing to appeal.  Bergeron was informed of his right to appeal by the district court at sentencing.  The district court did not advise Bergeron of the time limit for filing a notice of appeal.

It cannot be determined from the record whether Bergeron instructed his counsel to file an appeal.  Aside from Bergeron's allegations, there is no other evidence in the record regarding the circumstances surrounding the failure to file a notice of appeal.  Neither can it be determined from the record whether Bergeron was informed by his counsel that he could file a pro se notice of appeal within ten days of the court's judgment or that he had a right to counsel on appeal.

Counsel is obliged to protect his client's right to appeal. See Chapman v. United States, 469 F.2d 634, 636 (5th Cir. 1972). If Bergeron did request an appeal, counsel was thus obliged to preserve his right to appeal.  See id.  The record indicates that counsel did not file a notice of appeal.  Neither did counsel seek to withdraw from representation of Bergeron.  The record

nevertheless indicates that counsel was paid $2,159.50 for representation of Bergeron in "all proceedings."

Bergeron alleges that he told his attorney to file a notice of appeal, but that his attorney refused. He further alleges that his attorney never informed him of his appellate rights and that the only information he received regarding these rights was from the district court, informing him merely that he had a "right to appeal." Further, unlike the defendant in Green, Bergeron was an indigent criminal defendant with no special knowledge of the law. See 882 F.2d at 1003. If the facts alleged by Bergeron are true, then Bergeron received ineffective assistance of counsel for counsel's failure to file a notice of appeal. Bergeron has thus demonstrated that he will present a nonfrivolous issue on appeal.

A district court may deny a § 2255 motion without a hearing or further proceedings "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case does not demonstrate conclusively that Bergeron is not entitled to relief. Although Bergeron waited more than four years after the judgment of conviction before he advised the courts of his allegation that he was denied the right to appeal, "this Court's policy has been strongly in favor of the position that a waiver will not be assumed unless the facts clearly support such an assumption." See Chapman, 469 F.2d at 637 (defendant who waited four years after the judgment

of conviction to allege that he had been denied his right to appeal entitled to an evidentiary hearing).

Although Bergeron does not argue on appeal that the district court erred by failing to conduct an evidentiary hearing on his ineffective-assistance claim, he requested such a hearing before the district court. Bergeron's allegation that counsel failed either to inform him of his appellate rights or to file a notice of appeal was sufficient to trigger the district court's obligation to hold an evidentiary hearing. See Chapman, 469 F.2d at 636-37.

Bergeron's motion to proceed in forma pauperis on appeal is GRANTED, the judgment of the district court is VACATED, and the case is remanded for an evidentiary hearing to determine whether "there has been an actual or constructive complete denial of any assistance of appellate counsel." See Lombard v. Lynaugh, 868 F.2d 1475, 1480 (5th Cir. 1989); see Bartholomew, 974 F.2d at 41. If Bergeron successfully proves his claim on remand, the judgment of conviction should be reinstated on the district court's docket on the date from which the time for Bergeron to file a notice of appeal shall run. If the district court determines that Bergeron is not entitled to an out-of-time appeal, the court should reinstate its judgment denying Bergeron's § 2255 motion. Then, if Bergeron chooses to appeal, this court will review his remaining claims.

VACATED AND REMANDED.